IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MELISSA AVALOS d/b/a BOOK BEE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | NO. 1:19-cv-218 |
| | § | |
| PEARSON EDUCATION, INC., | § | |
| | § | |
| DEFENDANT. | § | |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Pearson Education, Inc. ("Pearson Education")[1] files this Notice of Removal and removes to this Court an action that is pending in the County Civil Court at Law Number 5 of Cameron County, Texas, Cause No. 2018-CCL-01724. In support of this Notice of Removal, Pearson Education states as follows:

### **I.  PROCEDURAL BACKGROUND**

1. On December 5, 2018, Pearson Business Services ("PBS") filed an Original Petition captioned *Pearson Business Services v. Melissa Avalos d/b/a Book Bee*, Cause No. 2018-CCL-01724, in the Cameron County Court at Law Number 5 (the "State Court Action").

2. The Original Petition asserted causes of action for a suit on sworn account, breach of contract, and quantum meruit/unjust enrichment arising out of PBS's sale of textbooks to Defendant Melissa Avalos d/b/a Book Bee ("Avalos"). *See* Ex. 1, Orig. Pet. ¶¶ 4-7.

---

[1] As explained in further detail below, although Pearson Education was named in a pleading brought by Melissa Avalos d/b/a Book Bee and styled as a "Counterclaim," Pearson Education, a separate and distinct entity from Pearson Business Services, the entity which brought the original underlying suit, was never a party to nor served in that matter. Therefore, the purported "counterclaim" brought by Avalos against Pearson Education cannot qualify as a counterclaim nor a third-party complaint: the purported "counterclaim" is and must be treated as an entirely separate complaint, with Avalos as the Plaintiff and Pearson Education as the Defendant.

1

3. On January 14, 2019, Avalos filed an Original Answer to PBS's Original Petition. In her Answer, Avalos included a Plea in Abatement, alleging that she "conducted a search in the Official Records of Cameron County and found no assumed name certificate filed for Pearson Business Services . . . from 2009 to present." Ex. 1, Answer ¶ 1. Avalos also included special exceptions, special denials, and affirmative defenses alleging that she "never purchased a product from a company named Pearson Business Services." *Id.* ¶¶ 2, 4(a), 5(a). However, Avalos never set her plea in abatement or special exceptions for hearing nor received a ruling on them.

4. Instead, on April 11, 2019, Avalos filed a purported "Counterclaim" against Pearson Education, erroneously alleging that Pearson Education was the plaintiff and had made an appearance in the case. Ex. 1, Countercl. ¶ 2. Avalos's purported counterclaim named and included causes of action against Pearson Education—with no claims or allegations made against the only other party to that suit, Pearson Business Services—for violations of Texas antitrust laws, specifically § 15.05(a)-(c) of the Texas Business & Commerce Code, as well as tortious interference with business relations, *see id.* ¶¶ 26-38, all arising out of a contract allegedly entered into between Pearson Education and Texas Southmost College whereby Pearson Education provided ebooks to students. *Id.* ¶¶ 6-25. These causes of action are unrelated to the original suit on a sworn account brought by PBS against Avalos.

5. Despite bringing unrelated antitrust causes of action in her purported counterclaim against an entirely separate entity, Avalos never served the purported counterclaim on Pearson Education.

6. Pearson Education did not file an answer or otherwise respond to Avalos's purported counterclaim.

7. On December 4, 2019, PBS filed a notice of nonsuit in the County Civil Court at

Law Number 5 of Cameron County, voluntarily dismissing its claims against Avalos, leaving only Avalos's antitrust claims against Pearson Education. Ex. 1, Not. of Nonsuit.

## II.   VENUE

8.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(b)(4), 1332, 1441(a), and 1446(a), because the County Court at Law Number 5 of Cameron County, Texas, where the State Court Action was filed and has been pending prior to removal, is a state court within this federal district and division.

## III.   BASIS FOR REMOVAL

### A.   Amount in Controversy

9.   In Avalos's purported counterclaim, she asserts that she is seeking monetary relief in an amount greater than $200,000 but not more than $1,000,000.00. *See* Ex. 1, Countercl. ¶ 4. This amount exceeds the minimum amount in controversy required by 28 U.S.C. § 1332(a).

### B.   Diversity of Citizenship

10.   Avalos is an individual who conducts business as BookBee. To the best of Pearson Education's knowledge, her residential address is 21407 FM 800, San Benito, Texas 78586. Her business address for BookBee is 1767 Boca Chica Blvd., Brownsville, Texas 78520. Upon information and belief, Avalos is a citizen of Texas.

11.   Pearson Education is a Delaware corporation; therefore, Pearson Education is a citizen of Delaware. 28 U.S.C. § 1331(c)(1).

### C.   Removal is Proper

12.   The causes of action alleged in Avalos's purported counterclaim are against Pearson Education, which is a separate and distinct entity from PBS, the Plaintiff in the underlying suit, and not a party to the underlying suit. Because these causes of action are not brought against

3

an opposing party, they cannot be considered a counterclaim.  *See* TEX. R. CIV. P. 97(b) (allowing a party to bring as a permissive counterclaim "any claim against ***an opposing party*** whether or not arising out of the transaction or occurrence that is the subject matter of the opposing party's clam" (emphasis added)).

13. Moreover, the causes of action in the purported counterclaim—for violations of antitrust laws and tortious interference with business relations based on a contract between TSC and Pearson Education—are unrelated to those asserted by PBS in the underlying suit.  Because these causes of action are unrelated to PBS's claims against Avalos, they cannot be considered a third party complaint.  *See* TEX. R. CIV. P. 38 (explaining that a defendant may bring in a third party by "caus[ing] ***a citation and petition to be served*** upon a person not a party to the action who is or ***may be liable to him or to the plaintiff for all or part of the plaintiff's claim*** against him" (emphasis added)).

14. The purported counterclaim neither fits the definition of a permissive counterclaim nor a third-party complaint.  *See* TEX. R. CIV. P. 38; TEX. R. CIV. P. 97(b).  Therefore, Avalos's unrelated and still-unserved purported counterclaim should have, and in fact could only have, been brought as a separate suit entirely, with Avalos as the Plaintiff and Pearson Education as the Defendant; the purported counterclaim and the parties should be treated as such for the purposes of removal.

### D. Removal is Timely

15. A defendant has thirty days after service of the initial pleading or summons to file a notice of removal.  28 U.S.C. §§ 1446(b)(1), (b)(2)(B).

16. Section 1446(b)'s thirty-day clock does not begin to run until the plaintiff has officially served the defendant through "formal service of process."  *City of Clarksdale v. Bell-*

*South Telecomms., Inc.,* 428 F.3d 206, 210 (5th Cir. 2005). Mere "receipt of actual notice of the complaint through informal channels" does not trigger the thirty-day time period.[2] *Id.*

17. Additionally, "a defendant may remove a case even before the plaintiff has properly served that defendant—that is, before 28 U.S.C. § 1446(b)'s thirty-day clock begins to run." *Perez v. Bank of America, N.A.*, No. EP-13-CV-285-KC, 2013 WL 5970405, at *3 (W.D. Tex. Nov. 7, 2013); *see also Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (finding that 28 U.S.C. § 1446(b)(1) only "require[s] that an action be commenced against a defendant before removal, but not that the defendant have been served"). Therefore, "a defendant may remove a case at any time prior to receiving service." *Perez*, 2013 WL 5970405, at *3.

18. Here, Pearson Education has never been served with the purported counterclaim. Therefore, the thirty-day clock under Section 1446(b) has not started to run and Pearson Education may properly remove the case at any time before service. Accordingly, this Notice of Removal is timely. *Perez*, 2013 WL 5970405, at *3; *Delgado*, 231 F.3d at 177.

19. This Notice of Removal is also timely filed because it is filed within one year of the commencement of the State Court Action. 28 U.S.C. § 1446(b)(2)(A).

## IV.   REQUIRED PROCESS AND PLEADINGS

20. Pursuant to 28 U.S.C. § 1446(a) and Local Rule of Civil Procedure 81, Pearson Education attaches all of the required documents, including all the required pleadings in the State Court Action (Ex. 1); all executed process (Ex. 2); the docket sheet for the State Court Action (Ex. 3); a list of all counsel of record, including address, telephone numbers, and parties represented (Ex. 4); and an index of matters being filed (Ex. 5).[3]

---

[2] It bears noting here that Pearson Education did not receive actual notice of the purported counterclaim until many months after its filing by Avalos.
[3] Local Rule of Civil Procedure 81 also requires that all orders signed by the state judge be attached to the Notice of Removal. LR81(3). No such orders were signed in this case.

21. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal and all attachments shall be promptly served on counsel for Avalos and the clerk of the County Court at Law Number 5 of Cameron County.

## V. CONCLUSION

WHEREFORE, pursuant to 28 U.S.C. § 1332, 1441, and 1446, Pearson Education removes this action from the County Court at Law Number 5 of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division. Pearson Education further requests any relief to which it may be justly entitled.

Dated:  December 4, 2019                          Respectfully submitted,

OF COUNSEL:

MORGAN, LEWIS & BOCKIUS LLP

Mary Susan Formby
State Bar No. 24083011
S.D. Tex. No. 2292403
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
marysusan.formby@morganlewis.com

Ryan Kantor
(*pro hac vice* forthcoming)
1111 Pennsylvania Avenue, NW, 11th Floor
Washington, D.C. 20004
Telephone: (202) 739-5343
Facsimile: (202) 739-3001
ryan.kantor@morganlewis.com

*Winstol D. Carter, Jr.*
Winstol D. Carter, Jr.
**Attorney-in-Charge**
State Bar No. 03932950
S.D. Tex. No. 2934
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
winn.carter@morganlewis.com

*ATTORNEY-IN-CHARGE FOR PEARSON EDUCATION, INC.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2019, a true and correct copy of the foregoing instrument was filed with the Clerk's Office using the Court's CM/ECF system and that a copy of the foregoing will be served via Federal Express on the following counsel of record:

Carlos Escobar
State Bar No. 24025351
ESCOBAR LAW FIRM, PLLC
100 S. Bicentennial Blvd.
McAllen, Texas 78501
956-631-3384 – Telephone
956-687-5542 - Facsimile
carlos@escobarlawfirm.com

Dale Robertson
PO Box 8130
Brownsville, Texas 78526
956-245-0245

*Winstol D. Carter, Jr            .*
Winstol D. Carter, Jr.